IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

TROY PATTERSON,
And all others similarly situated,

     Plaintiffs,

v.                                  C.A. No.:   7:17-cv-1

                                                     **COLLECTIVE ACTION**

HORIZONTAL WIRELINE SERVICES, LLC,
ALLIED WIRELINE SERVICES LLC,

     Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TROY PATTERSON, and all others similarly situated (hereinafter sometimes referred to as "Plaintiffs"), by and through their undersigned counsel, pursuant to 29 U.S.C. § 216(b), hereby sues Defendants, HORIZONTAL WIRELINE SERVICES, LLC and ALLIED WIRELINE SERVICES LLC (hereinafter sometimes referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1.     This is an action by Plaintiff and all others similarly situated against their former employers for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.   Plaintiffs seek damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2.      This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiffs performed work for Defendants and incurred unpaid overtime wages while working in Midland County, Texas.

## THE PARTIES

4.      Plaintiff is an individual residing in Midland, Texas.

5.      Plaintiff was employed as an "Operator" by Defendants from approximately January of 2014, through January of 2015.   Plaintiff's principle duty was to operate various equipment utilized in the oil and gas industry.

6.      Defendant, HORIZONTAL WIRELINE SERVICES, LLC, is a limited liability corporation formed under the laws of the State of Pennsylvania and at all at all times material to this complaint, maintained and operated a business in Williamson County, Texas.

7.      Defendant, ALLIED WIRELINE SERVICES LLC, is a limited liability corporation formed under the laws of the State of Texas and at all at all times material to this complaint, was the managing member of Defendant, HORIZONTAL WIRELINES SERVICES, LLC and operated a business in Williamson County,

Texas.

8.      At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

9.      At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10.     At all times material to this complaint, Defendants, HORIZONTAL WIRELINE SERVICES, LLC, and ALLIED WIRELINE SERVICES, LLC, WERE jointly and severally an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).   Specifically, Defendants specializes in work including, but not limited to, the delivery of various wireline services to the oil and gas industry throughout the United States.

11.     At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

12.     At all times material hereto Plaintiff and Defendants collectively engaged in interstate commerce through the support functions they provided to the oil and gas industry.

13.     Additionally, Plaintiff performed work utilizing products which were manufactured outside of the state of Texas for interstate commerce and worked on or

handled goods that were moving in interstate commerce.

14.     At all times material to this Complaint, Defendants were the employer of the Plaintiff and, as a matter of economic reality, the Plaintiff was dependent upon Defendants for his employment

15.     Throughout his employment with the Defendants, Plaintiff was paid a salary in the amount of $833.77.

16.     Throughout his employment with the Defendants, Plaintiff worked an average of 115 hours per workweek, but was not paid any additional premium for the work he performed in excess of 40 hours each workweek.

17.     Plaintiff represents a class of similarly situated employees within the meaning of the FLSA consisting of current and former employees employed by Defendants who were subject to the illegal pay practices alleged in paragraphs 15-16, *supra* (hereinafter "class").

18.     During Plaintiff's employment, and the employment of all similarly situated employees, Defendants required, suffered or permitted Plaintiff and the class to work in excess of 40 hours in one or more workweeks (hereinafter "overtime hours").

19.     Defendants were aware that the FLSA required it to pay Plaintiff and each member of the class time and one-half of his or her regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

20.    Defendants were aware that Plaintiff and each member of the class had worked overtime hours during one or more workweeks; however, Defendant willfully failed and refused to pay overtime pay for overtime hours worked by Plaintiff and each member of the class.

21.    As a result of Defendants' willful violation of the FLSA, Plaintiff and each member of the class are entitled to recover damages in the amount of the unpaid overtime, an equal amount as liquidated damages for Defendants' willful violation of the FLSA, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, respectfully requests that this Court certify this claim as a collective action under the Fair Labor Standards Act and order court-supervised notice to the class and further demands judgment against the Defendants, jointly and severally, for the following:

A.    Actual damages provided by law;

B.    Liquidated damages as allowed by law;

C.    Reasonable attorneys' fees and costs;

D.    For pre-judgment interest in the event liquidated damages are not awarded;

E.    For such other and further relief to which Plaintiff and members of the class may be justly entitled, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, TROY PATTERSON, demands a jury trial on all issues so triable.

Respectfully submitted, January 2, 2017.

**ROSS LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com